# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MONTIJO, | Case No. 1:22-cv-00084-ADA-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS, STAY, OR TRANSFER; RECOMMENDING TRANSFER TO CENTRAL DISTRICT; AND RECOMMENDING DENYING ALTERNATIVE MOTIONS TO STAY OR DISMISS AS MOOT |
| v. | |
| AMAZON.COM SERVICES LLC, | |
| Defendant. | |
| | (ECF Nos. 13, 14, 16, 17, 25, 26) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION

Currently before the Court is Defendant Amazon.com Services LLC's: (1) motion to dismiss, stay, or transfer action pursuant to the first-to-file doctrine; (2) motion to alternatively stay pursuant the Court's inherent power; and (3) motion to alternatively dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 13.) The motions have been referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 25.) Based on the moving, opposition, and reply papers; Defendant's request for judicial notice; the arguments presented at the October 19, 2022 hearing; and the Court's record,

1 the Court recommends granting Defendant's motion to dismiss, stay, or transfer, by transferring

2 this action to the Central District of California, and that the motions requesting alternative forms

3 of relief requested by Amazon be denied as moot.

**II.**

**BACKGROUND**

**A.    Procedural Background**

On December 10, 2021, Plaintiff Luis Montijo ("Plaintiff" or "Montijo") filed this putative class action against Amazon.com Services LLC ("Defendant" or "Amazon") in the Stanislaus County Superior Court, State of California, Case No. CV-21-006616.  (ECF No. 1 at 6; Compl., ECF No. 1-2 at 7.)[1]   On January 20, 2022, Defendant removed this action to the United States District Court for the Eastern District of California.  (ECF No. 1.)   On the same date, Defendant filed a notice of related cases.  (ECF No. 2.)  On January 21, 2022, the parties filed a stipulation to extend the time for Defendant to file a responsive pleading.  (ECF No. 6.) On February 17, 2022, pursuant to the parties' stipulation, the Court continued the scheduling conference in this matter and set a briefing schedule for Defendant to file a motion to dismiss transfer or stay.  (ECF Nos. 10, 11.)  On February 24, 2022, Defendant filed an additional notice of related case.  (ECF No. 12.)

On February 24, 2022, Defendant filed the motion to transfer, dismiss, or stay, that is the subject of these findings and recommendations.   (Def.'s Mot. Transfer, Dismiss, or Stay ("Mot."), ECF No. 13.)   Defendant also concurrently filed a request for judicial notice.  (ECF No. 14.)   On March 17, 2022, Plaintiff filed an opposition to the motion.  (Pl.'s Opp'n Mot. ("Opp'n"), ECF No. 16.)   On March 31, 2022, Defendant filed a reply brief.  (Def.'s Reply Supp. Def.'s Mot. ("Reply"), ECF No. 17.)

On August 24, 2022, this action was reassigned to District Judge Ana de Alba.  (ECF No. 19.)  On September 12, 2022, District Judge Ana de Alba referred the pending motion to transfer,

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

dismiss, or stay, to the assigned Magistrate Judge for the preparation of findings and recommendations or other appropriate action.  (ECF No. 25.)  On September 15, 2022, the Court set a hearing on the Defendant's motion for October 19, 2022, at 10:00 a.m., in Courtroom 9, before Magistrate Judge Stanley A. Boone.  (ECF No. 26.)  On October 19, 2022, the Court held a hearing on Defendant's motion.  (ECF No. 28.)  Rosemary Khoury appeared on behalf of Plaintiff.  Katie Magallanes and Megan Cooney appeared on behalf of Defendant.

### B.      The Complaint and Class Allegations

On December 10, 2021, Plaintiff filed this action against Defendant on behalf of himself and a putative class of "[a]ll Defendants' California employees, at any time during the four years before filing this Complaint through the date of trial."  (Compl. ¶ 13.)  Plaintiff seeks to certify one putative "Expense Reimbursement Subclass," consisting of "[a]ll Class Members who incurred business-related expenses, including but not limited to cell phone expenses."  (Id. ¶ 14.)  Under the Unfair Competition Law ("UCL"), California Business and Professions Code section 17200 et seq., Plaintiff also seeks to certify a "UCL Subclass" of "[a]ll Class Members who were subject to Defendants' unlawful or unfair business acts or practices."   (Id. ¶¶ 15, 28–29.)  Plaintiff alleges that he worked "as a 'Production Assistant' at Defendants' Patterson facility . . . for approximately five years, ending on March 6, 2020."  (Id. ¶ 4.)

Plaintiff alleges, on behalf of himself and the classes he seeks to represent, that Defendant "failed to reimburse Plaintiff and other similarly-situated employees for their reasonable business use of their cell phones, including for their use of cell phone applications which Defendants required them to download and use," in violation of California Labor Code section 2802.  (Id. ¶¶ 23–26.)  Specifically, Plaintiff contends that, during the class period, Defendant:

> required Plaintiff and other similarly-situated employees to use their personal cell phones for work-related purposes, but did not reimburse these employees for the work-related use of their cell phones.  Plaintiff and similarly situated employees were required to download and use two cell phone applications, 'Amazon Chime' and 'A to Z,' to perform their work duties.  Amazon Chime is an internal instant messaging and video call system which allowed managers and supervisors to coordinate operations and to organize group chats among employees regarding assignments.  Plaintiff

1
2
3

> received Amazon Chime notifications both at work and off-the-clock, and was required to respond to these messages immediately. A to Z is a scheduling application that employees like Plaintiff were required to use to examine, and make changes to, their work schedules.

4 (Id. ¶ 12.)

5    Plaintiff also seeks relief under the UCL based on Defendant's alleged failure to

6 reimburse these same cell phone expenses.   (Id. ¶¶ 27–32.)   Plaintiff seeks declaratory

7 judgments, injunctive relief, expense reimbursements, interest, attorneys' fees, and costs for his

8 claims.

9                                          **III.**

10                               **LEGAL STANDARD**

11    The first-to-file rule is "a judicially created 'doctrine of federal comity,' " that applies

12 "when two cases involving 'substantially similar issues and parties' have been filed in different

13 districts." In re Bozic, 888 F.3d 1048, 1051 (9th Cir. 2018) (first quoting Pacesetter Sys., Inc. v.

14 Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982); then quoting Kohn Law Grp., Inc. v. Auto

15 Parts Mfg. Miss., Inc., 787 F.3d 1237, 1239 (9th Cir. 2015)).   The rule gives "the second district

16 court [the] discretion to transfer, stay, or dismiss the second in the interest of efficiency and

17 judicial economy."   In re Bozic, 888 F.3d at 1051–52 (quoting (Cedars–Sinai Med. Ctr. v.

18 Shalala, 125 F.3d 765, 769 (9th Cir. 1997)); see also Davis v. Macuhealth Distribution, Inc., No.

19 219CV01947WBSKJN, 2020 WL 2793078, at *2 (E.D. Cal. May 29, 2020).

20    The rule is "designed to avoid placing an unnecessary burden on the federal judiciary,

21 and to avoid the embarrassment of conflicting judgments."   Church of Scientology of Cal. v.

22 U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979).   Class actions "are frequently complex

23 affairs which tax judicial resources—the very cases in which the principles of avoiding

24 duplicative proceedings and inconsistent holdings are at their zenith."   Hilton v. Apple Inc., No.

25 C-13-2167, 2013 WL 5487317, at *7 (N.D. Cal. Oct. 1, 2013).

26    To determine whether application of the rule is warranted, "a court analyzes three factors:

27 chronology of the lawsuits, similarity of the parties, and similarity of the issues."   Kohn, 787

28 F.3d at 1240.   Where the rule applies, courts have "the discretion to dismiss, transfer or stay the

claims." <u>Location Servs., LLC v. Digital Recognition Network, Inc.</u>, No. 2:18-CV-00893-KJM-AC, 2018 WL 3869169, at *3 (E.D. Cal. Aug. 15, 2018) (citing <u>Adoma v. Univ. of Phoenix, Inc.</u>, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010).  Indeed, "[t]he most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."  <u>Adoma</u>, 711 F. Supp. 2d at 1146 (quoting <u>Alltrade, Inc. v. Uniweld Prod., Inc.</u>, 946 F.2d 622, 628 (9th Cir. 1991)).

"Although the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of [28 U.S.C.] § 1404(a) cabin the exercise of that discretion."  <u>In re Bozic</u>, 888 F.3d at 1054.  In other words, a district court may only transfer an action pursuant to the first-to-file rule to a transferee district "where it might have been brought."  <u>Id.</u> (citing 28 U.S.C. § 1404(a)).  "The transferee court meets this requirement if: (1) it would have subject-matter jurisdiction; (2) defendants would be subject to personal jurisdiction; and (3) venue would be proper."  <u>Golo, LLC v. Goli Nutrition Inc.</u>, No. 221CV02348VAPMAAX, 2021 WL 3360134, at *3 (C.D. Cal. July 30, 2021) (citing <u>Hoffman v. Blaski</u>, 363 U.S. 335, 343-44 (1960)).

### IV.

### DISCUSSION

Defendant submits that Plaintiff's claim that Amazon did not reimburse him or other employees for expenses incurred in the discharge of their duties is duplicative of a claim in an earlier-filed putative class action currently pending in the Central District of California, <u>Porter v. Amazon.com Services LLC</u>, Case No. 2:20-cv-09496-JVS-SHK (C.D. Cal.) ("<u>Porter</u>").  Defendant proffers Plaintiff has refused to consent to transfer this case so that it may be litigated before the same court presiding over the first-filed matter; therefore Defendant moves this Court to transfer this action, or alternatively, stay or dismiss Plaintiff's claims.  (Mot. 11.)

#### A.    Defendant's Request for Judicial Notice

Under the Federal Rules of Evidence, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002).

In making the findings herein and recommendations based thereon, the Court grants Defendant's request for judicial notice for such purposes. (Req. Jud. Not. ("RJN") ¶¶ 1-6, ECF No. 14.) The Court takes judicial notice of the following documents:

1.    A First Amended Complaint in Porter v. Amazon.com Services, LLC, Case No. 2:20-cv-09496-JSV-SHK (C.D. Cal.), filed on November 30, 2020, (Ex. A, ECF No. 14 at 5-23) ("Porter Compl.");

2.    Los Angeles County Superior Court Class Action Complaint, Case No. 20STCV32765, filed on August 25, 2020, that Amazon removed to the Central District of California in Porter, (Ex. B, ECF No. 14 at 24-40);

3.    Notice of Motion and Motion by Defendant Amazon.com Services LLC to Dismiss Pursuant to Rule 12(b)(6) or Stay Action filed by Amazon in Porter on January 15, 2021, (Ex. C, ECF No. 14 at 41-72);

4.    Order Granting Joint Stipulation to Stay the Porter Action Pending Resolution of Trevino, et al. v. Golden State FC LLC, Lead Case No. 1:18-cv-00120-DAD (BAM) (E.D. Cal.) ("Trevino")[2], entered on December 9, 2021, (Ex. D, ECF No. 14 at 73-75);

5.    Order staying Trevino pending Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC, 5 F.4th 950 (9th Cir. 2021) ("Olean"), entered on August 27, 2021, (Ex. E, ECF No. 14 at 76-78);

6.    San Francisco County Superior Court Class Action Complaint Case No. CGC-21-589695, filed February 8, 2021, that Amazon removed to the Northern District of

---

[2] Trevino was reassigned to District Judge Ana de Alba and the case number is now 1:18-cv-00120-ADA-BAM.

1   California in <u>Scott v. Golden State FC, LLC</u>, Case No. 4:21-cv-02147-HSG (N.D.

2   Cal.) ("<u>Scott</u>"), filed on March 26, 2021, (Ex. F, ECF No. 14 at 79-104).

**B.    The Court Recommends Granting Defendant's Motion to Transfer**

4        Based on the arguments presented by the parties and the Court's review of the pleadings

5   here and the other relevant actions, the Court recommends transfer to the Central District of

6   California as the most appropriate remedy sought through Defendant's motions.  The Court finds

7   the interests of efficiency and judicial economy weigh in favor of transfer and deferring

8   judgment on any motion to dismiss or stay to the transferee district.  <u>In re Bozic</u>, 888 F.3d at

9   1051– 52 (court has discretion to transfer, stay, or dismiss in interests of efficiency and judicial

10  economy).  The Court finds these interests are not best served if the Court were to elect to stay

11  this action, as Plaintiff argues.

12       The Court finds transfer to be the most appropriate remedy given the earlier action,

13  <u>Porter</u>, filed August 25, 2020, asserts substantially similar claims against the same Defendant

14  Amazon, by a substantially similar putative class.  The Court further finds transfer is appropriate

15  under 28 U.S.C. § 1404 because permitting this action to proceed in the Eastern District while

16  substantially similar litigation is pending in the Central District, would waste limited judicial

17  resources and risk inconsistent judgments regarding the same legal and factual questions as

18  applied to a same group of Amazon employees.

19       1.    <u>The Porter & Trevino Actions</u>

20       Christian Porter was formerly employed by Amazon as a non-exempt employee in

21  Amazon's "Rosemead, California warehouse facility."  (<u>Porter</u> Compl. ¶ 12.)  On August 25,

22  2020, more than a year before the instant action was filed, Porter filed a putative class action

23  against Amazon in Los Angeles County Superior Court.  (RJN, Ex. B.)  Porter purports to

24  represent "[a]ll persons who are employed or have been employed by [Amazon.com Services,

25  LLC] in the state of California and who are/were not classified as 'Exempt' or primarily

26  employed in executive, professional, or administrative capacities within four (4) years prior to

27  the date this lawsuit [was] filed . . . until resolution of this lawsuit."  (<u>Porter</u> Compl. ¶ 26.)  Porter

28  seeks penalties for various alleged Labor Code violations.  (<u>Id.</u> ¶¶ 11–25.)  Porter seeks to

7

represent a reimbursement subclass "consisting of all Employees employed by [Amazon] in California who within the statutory liability period were not indemnified for expenses incurred in direct consequence of the discharge of their duty," under Labor Code section 2802.  (Id. ¶¶ 28, 59.)  Porter alleges that Amazon failed to reimburse associates for use of their personal cell phones in the performance of their job duties, including to " 'clock in' and 'clock out' for their shifts on the 'Amazon A to Z' App," and to communicate with each other and staff on the "Amazon Chimes" application.  (Id. ¶¶ 14–16, 23.)  Porter asserts a UCL claim, based in part on Amazon's alleged failure to reimburse.  (Id. ¶¶ 62–68.)[3]

Amazon removed Porter to the Central District of California and then moved to dismiss many of the claims under Rule 12(b)(6) or, in the alternative, to stay.  (RJN, Ex. C.)  Defendant proffers the Porter court granted Amazon's motion in part, staying Porter pending the then yet to be issued decision by the California Supreme Court in Ferra v. Loews Hollywood Hotel, LLC, 40 Cal. App. 5th 1239 (2019), rev'd, 11 Cal. 5th 858, 489 P.3d 1166 (2021).  (Porter, ECF No. 29 at 5 ("Since a key question of law will be resolved in Ferra, a stay is merited[.]").[4]  The California Supreme Court issued its decision in Ferra on July 15, 2021.  11 Cal. 5th 858.

The Porter court subsequently granted continuation of the stay in light of Porter's overlap with another earlier-filed putative class action against Amazon, Trevino.  (RJN, Ex. D.)  The Trevino case, which Defendant highlights does not assert a reimbursement claim under Section 2802, has progressed for over four years, including through a Magistrate Judge's findings and recommendations on class certification issued June 8, 2021.  (ECF No. 166.)  At the time Defendant filed this motion, it proffered the District Judge's court's order on class certification was expected shortly after the en banc Ninth Circuit's decision in Olean, 5 F.4th 950.  (Mot. 13-14; see Trevino, ECF No. 173).

---

[3]  Defendant argues these claims, too, overlap, and Amazon moved to dismiss Porter's UCL claim for the same reasons it asserts in part III.C of the current motion.  (RJN, Ex. C at 10– 13.)  (Mot. 13 n.1.)  Porter also pleads claims not asserted by Plaintiff Montijo here, including claims for alleged failure to pay meal premiums at the regular rate of pay, failure to pay all "sick pay wages" due upon termination of employment, failure to provide accurate wage statements, and a claim for penalties under California's Private Attorneys General Act.  (Porter Compl. ¶¶ 38, 39, 47, 48, 73.)

[4]  This filing was not a part of Defendant's request for judicial notice, however, the Court has independently verified this quotation from the relevant docket entry.

1    The Court notes however, that since the filing of the instant motion, on August 29, 2022,

2  the Magistrate Judge in <u>Trevino</u> issued an order specifying that while the motion for class

3  certification was referred back to the Magistrate Judge for the issuance of amended findings and

4  recommendations in light of the Ninth Circuit's *en banc* decision in <u>Olean</u>, 31 F.4th 651, given a

5  petition for certiorari of the *en banc* decision was recently filed with the United States Supreme

6  Court, the Court did not intend on addressing the referral of the motion for class certification

7  unless the petition for certiorari is denied or the Supreme Court decides the case.  (<u>Trevino</u>, ECF

8  No. 192.)

9         2.    <u>The Court Finds the First-to-File Rule Factors Weigh in Favor of Transfer</u>

10        The Court finds the three first-to-file rule factors weigh in favor of transferring this case:

11  <u>Porter</u> preceded this action, the parties are substantially similar, and the issues in the cases are

12  substantially similar.

13        **a.    The Chronology Weighs in Favor of Transfer**

14        <u>Porter</u> was filed in state court on August 25, 2020, and removed to the Central District on

15  October 16, 2020.  Plaintiff Montijo filed this action in state court on December 10, 2021, and

16  this action was removed to the Eastern District on January 20, 2022.  Thus, <u>Porter</u>, was filed

17  more than a year before this case.

18        The Court finds the "chronology of the lawsuits" favors a transfer.  <u>See, e.g.</u>, <u>Negrete v.</u>

19  <u>Petsmart, Inc.</u>, No. 2:13-CV-01218-MCE-AC, 2013 WL 4853995, at *2 (E.D. Cal. Sept. 10,

20  2013) ("Where duplicative actions are filed in courts of concurrent jurisdiction, the court which

21  first acquired jurisdiction generally should proceed with the litigation . . . it is clear that the

22  Northern District of California is the first court to acquire jurisdiction and, thus, should proceed

23  with the litigation.").

24        **b.    The Similarity of the Parties Weighs in Favor of Transfer**

25        Amazon.com Services LLC is the named defendant in both <u>Porter</u> and this action.  Porter

26  seeks to represent "[a]ll persons who are employed or have been employed by [Amazon.com

27  Services, LLC] in the state of California and who are/were not classified as 'Exempt' or

28  primarily employed in executive, professional, or administrative capacities," and a

reimbursement subclass of all employees who "were not indemnified for expenses incurred in direct consequence of the discharge of their duty" from August 25, 2016 to the present.  (<u>Porter</u> Compl. ¶¶ 26, 28.)

Defendant proffers plaintiffs in both actions seek to represent members of the same population of employees: Amazon employees who they contend were not indemnified for cell phone expenses allegedly incurred as a consequence of the discharge of their duties.  Defendant contends Plaintiff Montijo and the putative class he seeks to represent fall squarely within the <u>Porter</u> class as he, a former non-exempt employee himself, seeks to represent "similarly-situated employees" at Amazon's California facilities "who incurred business related expenses, including but not limited to cell phone expenses" from December 10, 2017 to the present.  (Compl. ¶¶ 13–14, 25.)  Defendant proffers Plaintiff Montijo's proposed class is therefore encompassed by Plaintiff Porter's proposed class.  (Mot. 16.)  Plaintiff responds emphasizing that the proposed class in this action is wider, encompassing all California employees, including exempt employees.

The Court does not wholly agree that Montijo's class "fall[s] squarely" within and totally encompassed within the <u>Porter</u> class, at least as proposed.  Nonetheless, the Court finds the substantial similarity of the parties weighs in favor of transfer to the Central District.

"In the context of class actions, 'the classes, and not the class representatives, are compared.' "  <u>Urbina v. Freedom Mortg. Corp.</u>, No. 119CV01471NONEJLT, 2020 WL 4194086, at *3 (E.D. Cal. July 21, 2020) (quoting <u>Adoma</u>, 711 F. Supp. 2d at 1148; <u>Horne v. Nissan N. Am., Inc.</u>, No. 2:17-CV-00436-MCE-DB, 2018 WL 746467, at *3 (E.D. Cal. Feb. 6, 2018) (same).  "Strict identity of the parties in the two actions is not required, but rather only substantial similarity."  <u>Horne</u>, 2018 WL 746467, at *3 (citing <u>Adoma</u>, 711 F. Supp. 2d at 1147).  "The rule is satisfied if some parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters."  <u>Id.</u> (citing <u>Medlock v. HMS Host USA, Inc.</u>, 2010 WL 5323990 (E.D. Cal. Dec. 16, 2010)2010 WL 5323990 (E.D. Cal. Dec. 16, 2010)).

Defendant argues Plaintiff cannot dispute that the similarity of the parties plainly

1   supports transfer, given that the putative class claim asserted here is subsumed in an action

2   already pending in the Central District of California.  (Mot. 17.)  Defendant states "the plaintiffs

3   in both actions seek to represent the same putative class against the same defendant."  (Mot. 16,

4   citing <u>Horne</u>, 2018 WL 746467, at *3.)  However, Plaintiff Montijo's class definition, at least as

5   proposed, is broader here.  Thus the situation is somewhat inversed here compared to that existed

6   in cases such as <u>Horne</u>:

> Here, the two named defendants in each of the Horne and Johnson
> Actions are identical—Nissan North America, Inc. and Nissan
> Motor Co. Ltd. Further, there is substantial similarity between the
> classes in both actions in that the Johnson class encompasses the
> Horne class. The former includes purchasers and lessees of certain
> Nissan models that had the defective sunroofs, and the Johnson
> Plaintiff notes in the complaint that she anticipates amending the
> class "upon Nissan identifying in discovery all of its vehicles
> manufactured and sold with the panoramic sunroof feature." The
> Horne group is essentially a subclass of the Johnson class, being
> comprised of purchasers and lessees of Infiniti models that had the
> panoramic sunroof feature. Upon discovery to determine which of
> all of Nissan's vehicles, including its Infiniti line, were sold or
> leased with the sunroof feature, the Johnson class will ultimately
> subsume the Horne group. Moreover, there is almost complete
> factual identity between the experiences of the class members in
> both actions. Thus, the Court finds that the parties in the two
> actions are substantially similar.

17  2018 WL 746467, at *3.  However, even "some overlap" between classes can demonstrate

18  substantial similarity between classes for purposes of granting a transfer or stay:

> "Courts have held that proposed classes in class action lawsuits are
> substantially similar where both classes seek to represent at least
> some of the same individuals." *Wallerstein v. Dole Fresh
> Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal.
> 2013); *see Adoma*, 711 F. Supp. 2d at 1148 (determining the
> proposed classes were "substantially similar in that both classes
> seek to represent at least some of the same individuals"). As
> plaintiffs concede, there is some overlap between the proposed
> class in this lawsuit and the FHA proposed class in the Texas case.
> (Doc. No. 26 at 6.) Specifically, the proposed FHA class in the
> Texas case does not limit its class members to individuals who
> purchased property in Texas, meaning the proposed FHA class in
> the Texas case will encompass individuals who purchased property
> in California and who are members of the proposed class in this
> case. (*Compare* Doc. No. 23-1 at 52, *with* Compl. ¶ 51.) While
> there are proposed class members in this case that are not
> represented in the Texas case, and vice versa, "some" overlap
> exists with the proposed FHA class in the Texas case and the
> plaintiffs in this case who similarly allege breaches of their deeds

> based on FHA guideline violations with respect to properties located in California. *See Adoma*, 711 F. Supp. 2d at 1148. As a result, consideration of the second factor also weighs in favor of the granting of a stay.

Urbina, 2020 WL 4194086, at *3.  There is more than some overlap here.  Indeed, the Porter class does completely encompass the presumably larger in number portion of non-exempt employees.[5]

Further, despite Plaintiff Montijo attempting to bring claims on behalf of a larger class of all California employees, Montijo is in fact a non-exempt employee that would fall within the Porter class, and presumably would be afforded relief through the Porter class, unless he opts out and proceeds individually.  Thus Plaintiff as an individual falls within the Porter class.  Here, Plaintiff is an individual that would qualify as a member of a proposed class in the earlier-filed putative class action, and is attempting to file a later action as a class representative on a proposed class seeking to represent the same employees as the first class, but with additional types of employees that the named representative Montijo does not qualify as being part of.  Recognizing the Court considers the class and not the representatives, Adoma, 711 F. Supp. 2d at 1148, the Court finds this relevant to analysis of this factor[6] in that the interests behind the first-to-file rule that the Court finds weigh in favor of transfer would not be served by allowing Plaintiff to maintain this action in this district.  See Wallerstein v. Dole Fresh Vegetables, Inc., 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) ("In addition, each class representative could become a member of the other lawsuits nationwide class if that action is certified."); Adoma, 711 F. Supp. 2d at 1148 ("[T]he proposed classes for the collective actions are substantially similar in that both classes seek to represent at least some of the same individuals."); Murphy v.

---

[5]  Defendant additionally proffers that while Plaintiff's definition of "incurred" expenses in this case may superficially appear broader than Porter's definition, which covers only those "not indemnified," this is of no moment, because any individuals who incurred but were indemnified for their business-related expenses cannot recover under Plaintiff's theory, and in any event, the law does not require "exact parallelism." (Mot. 16.) Plaintiff did not respond to this argument.  This issue does not sway the Court's findings as to substantial similarity.

[6] The focus on the class and not the individual appears grounded in the reality of a class action compared to a normal civil action subject to the rule where the same or similar individual plaintiff is bringing a later action.  In a typical later-filed class action, the court must compare the classes in order for the first-to-file doctrine to have practical effect and to satisfy the goals behind the rule in the class action context.

Sprint/United Mgmt. Co., No. 2:20-CV-00507-TLN-DB, 2021 WL 5853579, at *7 (E.D. Cal. Dec. 9, 2021) ("Plaintiff may qualify to join the *Amaraut* and *Navarrete* classes as a non-exempt sales supervisor."); Booker v. Am. Honda Motor Co., No. 2:20-CV-05166-SVW, 2020 WL 7263538, at *2 (C.D. Cal. Oct. 20, 2020) ("Plaintiffs here are members of the putative nationwide class in *Oliver* and, in the present case, that is sufficient to find substantial similarity between the parties in each lawsuit.").  At least, the Court finds in this case given these proposed classes and claims, transfer is prudent and appropriate so that the transferee court can determine if the cases should be consolidated or otherwise.[7]

For these reasons, the Court finds the parties in this action are substantially similar to those in Porter, and finds this factor weighs in favor of transferring this action to the Central District.  Urbina, 2020 WL 4194086, at *3 ("While there are proposed class members in this case that are not represented in the Texas case, and vice versa, 'some' overlap exists with the proposed FHA class in the Texas case and the plaintiffs in this case."); Wallerstein, 967 F. Supp. 2d at 1296; Booker, 2020 WL 7263538, at *2; Adoma, 711 F. Supp. 2d at 1148; Wong v. Old Lyme Gourmet Co., No. 20-CV-07095-WHO, 2021 WL 5909209, at *4 (N.D. Cal. Mar. 22, 2021) ("While the classes are not perfectly identical, they are substantially similar and overlapping[;] . . . [t]he parties are sufficiently similar to weigh in favor of the second factor of the first-to-file rule."); Medlock., 2010 WL 5232990, at *4 (quoting Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc., 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) ("[E]xact identity is not required[;] [t]he rule is satisfied if some the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters.")); Wright v. RBC Cap. Markets Corp., No. CIVS093601FCDGGH, 2010 WL 2599010, at *5 (E.D. Cal. June 24, 2010) ("With respect to both the parties and the issues, courts routinely recognize that they need not be identical in the two actions. Substantial similarity is sufficient.").

/ / /

---

[7] Defendant also correctly notes the Porter class period is longer and entirely encompasses Plaintiff's proposed class period.  (Compare Compl. ¶ 13 ("four years before filing this Complaint [December 10, 2017] through the date of trial"), with Porter Compl. ¶ 26 (running from "four (4) years prior to the date this lawsuit is filed [August 25, 2016] . . . until resolution of this lawsuit").

**c.      The Similarity of Issues Weighs in Favor of Transfer**

"The application of the first to file rule does not require identity of issues or 'exact parallelism,' but rather substantial similarity or overlap."   Pac. Coast Breaker, Inc. v. Connecticut Elec., Inc., No. CIV. 10-3134 KJM EFB, 2011 WL 2073796, at *4 (E.D. Cal. May 24, 2011) (citations omitted).   The court may find substantial similarity "where the actions involve closely related questions or common subject matter."   PETA, Inc. v. Beyond the Frame, Ltd., No. CV 10-07576 MMM SSX, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011) (quoting Centocor, Inc. v. MedImmune, Inc., No. C 02-03252 CRB, 2002 WL 31465299, at *3 (N.D. Cal. Oct. 22, 2002)).

Defendant argues the reimbursement theory in Porter is identical to the theory Plaintiff seeks to litigate in this action.  Plaintiff responds "the specificity, narrow focus, and the broader nature of the expense reimbursement claim distinguishes it from" plaintiff Porter's reimbursement claim, such that the issues are not "substantially related."  (Opp'n 5)

As Plaintiff describes, his "essential class allegations are that Amazon required exempt and non-exempt 'California employees' to 'use their personal cell phones for work related purposes but did not reimburse these employees for the work- related use of their cell phones,' " and were required to download and use the "Amazon Chime" and "A to Z" applications to perform their work duties.  (Id.; Compl. ¶ 12; see also Compl. ¶ 25 (claim for violation of Labor Code §§ 2802 and 2804 alleging "Defendants failed to reimburse Plaintiff and other similarly-situated employees for their reasonable business use of their cell phones, including for their use of cell phone applications which Defendants required them to download and use.").)  Plaintiff proffers that since the filing of this action, it has since been determined that the use of such phones also included work-related text messages, emails, phone calls, internet searches, and use of camera functions necessary to perform duties at Amazon.  (Decl. J. Jason Hill Supp. Opp'n ("Hill Decl.") ¶ 3, ECF No. 16-1 at 1.)[8]

---

[8] As for Plaintiff's reference of facts in a declaration attached to the opposition, the Court finds such facts outside the pleadings without a request for judicial notice, and not demonstrably relevant to finding the actions not substantially similar or countering the findings herein.  See Stanley v. Bobo Const., Inc., No. 14-CV-00035 JAM-EFB, 2014 WL 1400957, at *2 (E.D. Cal. Apr. 10, 2014) ("[A]s part of his opposition, Plaintiff submitted a

The complaint in <u>Porter</u> in part pleads that Amazon "violated Section 2802 by, among other things, failing to indemnify Plaintiff and Class Members for expenditures incurred for using personal mobile phone in the performance of job duties." (<u>Porter</u> Compl. ¶ 59; <u>see also</u> <u>id.</u> ¶¶ 14–16, 23 ("Defendants have also failed indemnify Plaintiff and Defendants' employees for expenses incurred in direct consequence of the discharge of their duty . . . were required to use their personal phones to access the Amazon App(s) which they were required to download").) Plaintiff highlights the proposed class definition only includes those "who are/were not classified as 'Exempt' or primarily employed in executive, professional, or administrative capacities." Plaintiff argues the claims nor class(es) in <u>Porter</u> nor <u>Trevino</u> fully encompass Montijo's specificity of claims nor the larger potential pool of proposed class members.

At this point, Plaintiff submits that the proposed class definitions in <u>Trevino</u> include an expense reimbursement class of "[a]ll persons employed by Defendants in California who incurred business expenses," during the relevant time period. (Opp'n 6, citing ECF RJN, Ex. F, p. 83, ¶ 11.) However, Defendant correctly responds that Plaintiff incorrectly attributes the class definitions from <u>Scott</u>—which does involve reimbursement claims—to <u>Trevino</u>, and consequently appears to be under the mistaken impression that <u>Trevino</u> involves reimbursement claims. The <u>Trevino</u> Complaint proffers to seek to represent the following subclasses:

> <u>Subclass 1. Unpaid Wages Subclass</u>. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including overtime.
>
> <u>Subclass 2. Alternative Work Week Subclass</u>: All Class members who worked at locations operating under an improper or otherwise invalid alternative work week schedule who were not compensated for all hours worked for Defendants at the required rates of pay, including overtime.
>
> <u>Subclass 3. Meal Period Subclass</u>. All Class members who were subject to Defendants' policy and/or practice of failing to provide lawful 30-minute uninterrupted meal periods and failing to pay one hour of pay at the Employee's regular rate of pay for such periods.
>
> <u>Subclass 4. Rest Break Subclass</u>. All Class members who were

---

declaration by his counsel [that] was not attached to the complaint nor has Plaintiff requested judicial notice of it; therefore, this declaration is outside the pleadings.").

1
2
3

subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, lawful 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay for such periods.

4
5
6

Subclass 5. Wage Statement Subclass. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements with all the information required by Labor Code Section 226(a).

7
8
9

Subclass 6. Termination Pay Subclass. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay all wages owing upon termination.

10
11

Subclass 7. UCL Subclass. All Class members who are owed restitution as a result of Defendants' business acts and practices to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

12   (Trevino Compl. ¶ 22.)  As for Scott, the Court agrees with Defendant, that the fact it is another

13   earlier-filed action that includes an overlapping claim under section 2802 pending and stayed in

14   the Northern District, filed in state court on February 8, 2021, and removed on March 26, 2021

15   demonstrate it inefficient and unfair for Plaintiff's claims to proceed here.  (Reply 8 n.3.)

16          Proceeding, Plaintiff argues "each case derives from starkly different circumstances than

17   Montijo, which specifically addresses the use of personal smart phones necessary for business

18   operations." (Opp'n 6.)  Defendant responds that Plaintiff does not meaningfully dispute the key

19   fact underlying Amazon's motion: a putative class action against Amazon containing an identical

20   reimbursement claim on behalf of an overlapping employee population was filed more than a

21   year before his, and as such, his case should not proceed at this time.

22          The Court agrees with Defendant.  Plaintiff has not cited to legal authority that counsels

23   against transfer due to the proposed class being more expansive here, inclusive of exempt

24   employees (of which Plaintiff is not one).  "Courts in the Ninth Circuit have adopted a flexible

25   approach in evaluating the similarity of the parties and issues."  PETA, 2011 WL 686158, at *2

26   (collecting cases).  "As with the parties, the first-to-file rule only requires substantial similarity

27   of the issues in the two actions."  Horne, 2018 WL 746467, at *3 (citing Negrete, 2013 WL

28   4853995, at *3).  Plaintiff has not overcome the fact that the parties and claims are at least

1  substantially similar to those in <u>Porter</u>.  <u>See</u> <u>PETA</u>, 2011 WL 686158, at *2 ("Indeed, the first-to-

2  file rule does not require identical parties *or* issues, so long as the actions are substantially

3  similar or involve substantial overlap.") (emphasis in original); <u>Medlock</u>, 2010 WL 5232990, at

4  *5 (first-to-file rule requires only sufficient similarity of issues to be applied and exact identity of

5  parties is not required); <u>Pac. Coast Breaker</u>, 2011 WL 2073796, at *4.

6       The Court agrees with Defendant that core issues in this action are substantially similar to

7  those in <u>Porter</u>, as in both cases, a court will address the same substantive legal questions

8  regarding: the appropriateness of class action treatment of the claims including whether Amazon

9  violated section 2802 in connection with its employees' use of personal phones.  The Court finds

10 the basis of Plaintiff's reimbursement claim, as a class action, arises from the same nucleus of

11 facts,[9] in a manner that would risk inconsistent judgments, as well as risk duplicating the parties'

12 and the courts' expenditure of resources.  <u>Zerez Holdings Corp. v. Tarpon Bay Partners, LLC</u>,

13 No. 2:17-CV-00029-TLN-DB, 2018 WL 402238, at *6 (E.D. Cal. Jan. 12, 2018) (transferring

14 case because both actions "arise out of the same nucleus of facts" such that allowing both to

15 proceed in different districts simultaneously would waste judicial resources and the "risk of 'the

16 embarrassment of conflicting judgments' [was] immediately obvious.") (quoting <u>Church of</u>

17 <u>Scientology</u>, 611 F.2d at 750); <u>Tompkins v. Basic Rsch. LL</u>, No. CIV. S08244LKKDAD, 2008

18 WL 1808316, at *6 (E.D. Cal. Apr. 22, 2008) ("Because the issues of liability significantly

19 overlap . . . they would most efficiently be resolved by the same court[;] such an approach would

20 also lower the risk of inconsistent judgments.").  Therefore, "the balance of sound judicial

21 administration, conservation of judicial resources, comprehensive disposition of litigation, and

22 efficiency favor transfer of this action to the Central District."  <u>Jeske v. California Dep't of Corr.</u>

23 <u>& Rehab.</u>, No. 1:11-CV-01838 JLT, 2012 WL 1130639, at *8 (E.D. Cal. Mar. 30, 2012); <u>Bashiri</u>

24 <u>v. Sadler</u>, No. CV 07-2268-PHX-JAT, 2008 WL 2561910, at *2 (D. Ariz. June 25, 2008)

25 ("While the specific legal issues vary across the litigations, the discovery and evidence necessary

26 to litigate each is substantially similar.").

27

28 _____
   [9] Recognizing the argued broader class definition in the previous section.

As for Plaintiff's argument to maintain jurisdiction over this action because <u>Trevino</u> is also pending before the Eastern District, the Court agrees with Defendant that retaining due to <u>Trevino</u> is not prudent as that case does not contain a reimbursement claim under section 2802, a claim that is nearly identical to that in <u>Porter</u>.  Based on the Court's review of the pleadings, the Court does not find the facts, claims, or proposed classes in <u>Trevino</u> to present any convincing reason why, this action should not be transferred to the Central District with <u>Porter</u>.  The Court further finds the fact <u>Porter</u> is currently stayed does not change the recommendation to transfer.  <u>See</u> <u>Maciel v. Flowers Foods, Inc.</u>, No. 20-CV-03814-WHO, 2020 WL 5760448, at *4 (N.D. Cal. Sept. 28, 2020) (transferring action although earlier-filed, overlapping case was stayed, reasoning that "allowing [the later-filed case] to proceed with the same claims that are before the [other] court and have been subject to discovery and extensive briefing . . . would interfere with that court's disposition of the case" and "impact potential class . . . members in that case.").

The Court finds transfer more prudent than a stay.  <u>Pedro v. Millennium Prod., Inc.</u>, No. 15-CV-05253-MMC, 2016 WL 3029681, at *6 (N.D. Cal. May 27, 2016) ("[T]ransfer would better serve the first-to-file doctrine's objectives of efficiency and avoiding inconsistent judgments . . . [i]f transferred rather than stayed, the [] claims, which have considerable factual overlap, could be tried together rather than to two juries, and the [] claims would only have to be tried once [and] [m]oreover, consolidating the cases before one tribunal is the only way to ensure against inconsistent interlocutory rulings.").  Accordingly the Court concludes the three first-to-file factors weigh in favor of transfer, and the factors of "conserve[ing] resources . . . the balance of sound judicial administration, conservation of judicial resources, comprehensive disposition of litigation, and efficiency favor transfer of this action to the Central District."  <u>Jeske</u>, 2012 WL 1130639, at *8; <u>Kohn</u>, 787 F.3d at 1240 (To determine whether application of the rule is warranted, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues.").

     3.   <u>Consideration of Section 1404(a) also Favors Transfer</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or

1   to any district or division to which all parties have consented."  28 U.S.C. § 1404(a); In re Bozic,

2   888 F.3d at 1054 ("[T]he district court could only transfer this action to a district 'where it might

3   have been brought' under § 1404(a)").  "The purpose of Section 1404(a) is to 'prevent the waste

4   of time, energy, and money and to protect litigants, witnesses and the public against unnecessary

5   inconvenience and expense.' "  Imhoff v. California Tchrs. Ass'n, No. 2:18-CV-02934-MCE-

6   DB, 2019 WL 294310, at *1 (E.D. Cal. Jan. 23, 2019) (quoting Van Dusen v. Barrack, 376 U.S.

7   612, 616 (1964)); see also Davis v. Macuhealth Distribution, Inc., No. 219CV01947WBSKJN,

8   2020 WL 2793078, at *4 (E.D. Cal. May 29, 2020) ("A court may decline to apply the first-to-

9   file rule when the balance of convenience weighs in favor of the later-filed action . . . courts

10  consider the location of witnesses and evidence, the lack of connection to the forum, and the

11  degree of calendar congestion in the court, among other factors.").

12          The Court finds the Central District is a district where this action might have been

13  brought.  See 28 U.S.C. § 1404(a); 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . .

14  a judicial district in which any defendant resides, if all defendants are residents of the State in

15  which the district is located."); 28 U.S.C. § 1391(c)(2) ("[A]n entity with the capacity to sue and

16  be sued in its common name under applicable law, whether or not incorporated, shall be deemed

17  to reside, if a defendant, in any judicial district in which such defendant is subject to the court's

18  personal jurisdiction with respect to the civil action in question."); 28 U.S.C. § 1391(d) ("For

19  purposes of venue under this chapter, in a State which has more than one judicial district and in

20  which a defendant that is a corporation is subject to personal jurisdiction at the time an action is

21  commenced, such corporation shall be deemed to reside in any district in that State within which

22  its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate

23  State.").

24          In the opposition papers, Plaintiff only generally responds that it is in the Court's

25  discretion to transfer or stay; that Amazon removed this action from the state court, which was

26  Plaintiff's chosen venue; and submits that should the Court, in its discretion, agree with

27  Amazon's venue arguments, then on behalf of Mr. Montijo, Plaintiff's counsel urges that the

28  better, more convenient forum for him is to continue in the Eastern District with the Trevino

matter, which "is still pending, but with an unclear path forward partially because of varied mix of labor code violation claims." (Opp'n 7.) Plaintiff also submits that the if the venue is transferred, the issue of stay should be reserved for the transferee court.

The Court already addressed consideration of <u>Trevino</u> in relation to transfer above. The Court finds that for much of the same reasons the three first-to-file rule factors favors transfer, the purposes of transfer pursuant to section 1404(a) also favor transfer to the Central District. The similarity of the actions would give rise to overlapping discovery, briefs, arguments, and rulings at virtually every stage in the litigation. <u>See Medlock</u>, 2010 WL 5232990, at *7 ("A transfer offers potential conservation or resources and judicial economy, especially if the actions are consolidated."); <u>N. S B v. Pascarella</u>, 2020 WL 3492562, at *2–3 (E.D. Cal. June 26, 2020) (transferring action to the Central District of California pursuant to section 1404); <u>Shields v. Amerigas Propane, Inc.</u>, 2015 WL 5436772, at *2, *7 (E.D. Cal. Sept. 15, 2015) (same); <u>eNom, Inc. v. Philbrick</u>, No. C08-1288RSL, 2008 WL 4933976, at *2 (W.D. Wash. Nov. 17, 2008) ("Both cases arise out of the same nucleus of operative facts, so simultaneous adjudication of both cases would waste judicial resources, multiply the proceedings, undermine judicial efficiency, and risk conflicting determinations of the parties' legal rights . . . even if it were not transferring this case based on the first to file rule, it would transfer the case pursuant to 28 U.S.C. § 1404(a). . . . transferring this action will likely result in consolidation of the two cases, so the issues will be tried efficiency, expeditiously, and in a cost-effective manner."); <u>Negrete</u>, 2013 WL 4853995, at *4 ("In short, both actions assert identical violations of the California Labor Code, and other California Code sections, which are based on the same practices occurring during the same time period . . . [and] [t]he similarity of these allegations would require the court to make similar determinations.").

/ / /

/ / /

/ / /

/ / /

/ / /

**V.**

**RECOMMENDATION**

For the above explained reasons, IT IS HEREBY RECOMMENDED that:

1.     Defendant Amazon.com Services LLC's motion to transfer, dismiss, or stay action, (ECF No. 13), be GRANTED;

2.     This case be transferred to the United States District Court for the Central District of California, where an earlier-filed putative class action, <u>Porter v. Amazon.com Services LLC</u>, Case No. 2:20-cv-09496-JVSSHK, is pending against Defendant;

3.     Defendant's alternative motion to stay this action pursuant to the Court's inherent powers be DENIED as moot; and

4.     Defendant's alternative motion to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), be DENIED as moot.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, Plaintiff may file written objections to the findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 2, 2022**                                            

UNITED STATES MAGISTRATE JUDGE